UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------X
CHRISTOPHER WEEKS,

           Plaintiff,

  -against-

SGT. DAVID FILIGHERA,
C.O. DARRIN JONES,
C.O. BRADLEY YELEN,
C.O. SHAWN GENTNER,
C.O. SCOTT KILLINGBECK,
C.O. KIELMA, and
R.N. ANNA DOMEDION,

           Defendants.
---------------------------------X

**COMPLAINT**

Plaintiff Demands a
Trial By Jury

Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of defendants, alleges as follows, upon information and belief:

**THE PARTIES AND JURISDICTION**

1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, plaintiff was a prisoner at the Collins Correctional Facility (Collins), in Collins, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

4. That at all times herein mentioned, defendant Sgt. David Filighera (Filighera) was a sergeant employed at Collins by DOCCS.

5. That at all times herein mentioned, Filighera was acting within the course and scope of his employment as a DOCCS sergeant.

6. That at all times herein mentioned, Filighera was acting under color of state law.

7. That at all times herein mentioned, defendant C.O. Darrin Jones (Jones) was a correction officer employed at Collins by DOCCS.

8. That at all times herein mentioned, Jones was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Jones was acting under color of state law.

10. That at all times herein mentioned, defendant C.O. Bradley Yelen (Yelen) was a correction officer employed at Collins by DOCCS.

11. That at all times herein mentioned, Yelen was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Yelen was acting under color of state law.

13. That at all times herein mentioned, defendant C.O. Shawn Gentner (Gentner) was a correction officer employed at Collins by DOCCS.

14. That at all times herein mentioned, Gentner was acting within the course and scope of his employment as a DOCCS correction officer.

15. That at all times herein mentioned, Gentner was acting under color of state law.

16. That at all times herein mentioned, defendant C.O. Scott Killingbeck (Killingbeck) was a correction officer employed at Collins by DOCCS.

17. That at all times herein mentioned, Killingbeck was acting within the course and scope of his employment as a DOCCS correction officer.

18. That at all times herein mentioned, Killingbeck was acting under color of state law.

19. That at all times herein mentioned, defendant C.O. Kielma (Kielma), whose first name is unknown to plaintiff, was a correction officer employed at Collins by DOCCS.

20. That at all times herein mentioned, Kielma was acting within the course and scope of his employment as a DOCCS correction officer.

21. That at all times herein mentioned, Kielma was acting under color of state law.

22. That at all times herein mentioned, R.N. Anna Domedion (Domedion) was a nurse employed at Collins by DOCCS.

23. That at all times herein mentioned, Domedion was acting within the course and scope of her employment as a DOCCS nurse.

24. That at all times herein mentioned, Domedion was acting under color of state law.

25. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

## THE APRIL 13, 2019 INCIDENT

26. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

27. That on April 13, 2019, inside Collins, several correction officers, whose identities are unknown to plaintiff, without any legal justification and not in furtherance of any legitimate penological interest, brutally assaulted and battered plaintiff by, among other things, punching and kicking plaintiff and discharging chemical spray at plaintiff.

28. That the aforesaid assault and battery was authorized by, directed and instigated by, and committed in the presence of Filighera.

29. That Filighera observed the aforesaid assault and battery, had a reasonable opportunity to intervene to prevent and/or stop the assault and battery, but deliberately failed and refused to take any steps to do so.

30. That as a result of the aforementioned assault and battery, plaintiff sustained physical and psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.

## THE APRIL 15, 2019 INCIDENT

31. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

32. That on April 15, 2019, inside Collins, Sgt. Filighera, together with Officers Jones, Yelen, Gentner, Killingbeck, and Kielma, acting jointly and in concert with each other and without any legal justification and not in furtherance of any legitimate penological interest, brutally assaulted and battered plaintiff by, among other things, punching and kicking plaintiff, discharging chemical spray at plaintiff, and forcibly twisting plaintiff's ankle until it audibly fractured.

33. That the aforesaid assault and battery was authorized, directed, and instigated by Filighera.

34. That Filighera, Jones, Yelen, Gentner, Killingbeck, and Kielma observed the aforesaid assault and battery, had a reasonable opportunity to intervene to prevent and/or stop the assault and battery, but deliberately failed and refused to take any steps to do so.

35. That nurse Domedion was present and observed the aforesaid assault and battery, had a reasonable opportunity to intervene to prevent and/or stop the assault and battery, but deliberately failed and refused to take any steps to do so.

36. That as a result of the aforementioned assault and battery, plaintiff sustained physical and psychological injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, incurred and will continue to incur healthcare expenses related to the incident, and was otherwise damaged.

37. That the actions of defendants herein were intentional, sadistic, and malicious, and served no legitimate penological interest.

38. That all of the causes alleged herein fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

## FIRST CAUSE OF ACTION
**(42 USC § 1983: Eighth Amendment)**

39. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

40. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

41. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and all of them, for compensatory damages in the amount of One Million ($1,000,000.00) Dollars, and punitive damages in an amount to be determined by the trier of fact, and plaintiff also seeks attorney's fees against all defendants pursuant to 42 USC § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        September 15, 2020

 

Yours, etc.
Sivin, Miller & Roche LLP

By_____
   Edward Sivin
Attorneys for plaintiff
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300