UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER WEEKS,

                              Plaintiff,                        DECISION & ORDER

v.                                                                                Case # 20-CV-6721-FPG

SGT. DAVID FILIGHERA, et al.,
                              Defendants.
_____

## INTRODUCTION

Plaintiff, represented by counsel, filed this action in federal court on September 16, 2020, alleging, pursuant to 42 U.S.C. § 1983, that he was subjected to excessive force while he was incarcerated at Collins Correctional Facility ("Collins"). ECF No. 1. Defendants answered, ECF Nos. 6, 14, and the case proceeded to discovery, ECF Nos. 11, 17. After several extensions, dispositive motions were due on March 9, 2022, and none were filed. At a status conference with the parties in May 2022, the Court set the case for trial to commence on September 12, 2022. ECF No. 35.

On August 17, 2022, Defendants filed a motion *in limine* seeking to preclude Plaintiff from referencing a second incident of alleged excessive force on April 13, 2019. ECF No. 43. Plaintiff filed a motion *in limine* on August 23, 2022, seeking to preclude Defendants from presenting evidence pertaining to (1) qualified immunity; (2) Plaintiff's disciplinary history; and (3) Plaintiff's criminal history. ECF No. 45. Plaintiff also requested that the Court instruct the jury regarding the absence of video evidence of the excessive force incidents at trial, which Plaintiff says existed but were never disclosed during exchange of discovery.

The Court heard oral argument on the motions on August 30, 2022. ECF No. 48. At that time, the Court noted that it was unclear from the Complaint precisely when the alleged incidents

1

of excessive force occurred, which incidents of excessive force are at issue, and which causes of action are asserted against which Defendants.[1]  Because the parties exchanged limited discovery and the parties did not file any motions for summary judgment, the Court found it exceedingly difficult to parse the triable issues.  Nevertheless, at oral argument, the Court ruled on several aspects of Plaintiff's motion *in limine*.  It reserved on Defendant's motion *in limine* and the remaining aspects of Plaintiff's motion.  ECF No. 48.

Due to the confusion regarding the facts of this case, and because Plaintiff was recently taken into custody on separate charges and will be unavailable for trial for the next several months, the Court adjourned the trial set to begin on September 12, 2022, and set a status conference for November 9, 2022.  ECF No. 50.  The Court also encouraged the parties to file any dispositive motions by November 9, 2022.  *Id.*

This Decision and Order memorializes the Court's August 30, 2022 rulings on the record and addresses the aspects on which the Court reserved.

## DISCUSSION

**I.      Defendants' Motion *In Limine* (ECF No. 43)**

The Complaint appears to reference two incidents of excessive force: one on April 13, 2019, and another two days later, on April 15, 2019.  ECF No. 1 ¶¶ 26-38.  According to the parties, the incident on April 13, 2019, occurred around 8:00 p.m.  Plaintiff seeks to admit records at trial pertaining to what Defendants view as a second incident on April 13, 2019, at 11:10 p.m.  ECF No. 43.  Defendants argue that any reference to an 11:10 p.m. incident contradicts the Complaint and Plaintiff's deposition testimony.

---

[1] The Complaint only lists one cause of action—excessive force.  But the Complaint references two dates of alleged excessive force: April 13 and 15, 2019.  And, in the body of the Complaint, Plaintiff refers to Defendant Filighera's failure to intervene to stop the use of excessive force.  ECF No. 1 ¶ 29.

2

The parties remain at odds over whether there were two incidents on April 13, 2019, or whether both incidents were really part of one continuous use of force.  The answer to this question should be simple, but it is not, because the Complaint does not include the times of the alleged use(s) of excessive force.  The confusion is compounded because neither party filed a motion for summary judgment, which would have helped to clear up the factual issues for trial.

Because the Court has given the parties an opportunity to refine the issues for trial by filing motions for summary judgment by November 9, 2022, Defendants' motion *in limine* (ECF No. 43), is DENIED WITHOUT PREJUDICE.

## II.     Plaintiff's Motion *In Limine* (ECF No. 45)

The Court confirms the findings it made on the record at the August 30, 2022 conference with respect to Plaintiff's motion:

1. Plaintiff's request that Defendants be precluded from offering evidence or referencing their claimed entitlement to qualified immunity is DENIED AS MOOT.  Defendants indicated at the status conference that they did not intend to raise qualified immunity at trial.

2. Plaintiff's request that Defendants be precluded from offering evidence or referring to Plaintiff's disciplinary record is DENIED, subject to Plaintiff opening the door for such evidence at trial.

3. Plaintiff's request that Defendants be precluded from offering evidence or referring to Plaintiff's criminal convictions and presently pending criminal charges is GRANTED insofar as Defendants may only ask whether Plaintiff was convicted of a felony in connection to the criminal possession conviction.  Defendants may not ask about any of Plaintiff's other charges, including those currently pending.

The Court reserved on Plaintiff's request that the jury be instructed regarding missing logbooks and videos of the underlying use of force incidents. As set forth above, because the Court has given the parties an opportunity to clarify the issues for trial, the Court DENIES WITHOUT PREJUDICE Plaintiff's request for a jury instruction.

## CONCLUSION

For the reasons stated above, Defendants' motion *in limine*, ECF No. 43, is DENIED WITHOUT PREJUDICE. Plaintiff's motion *in limine*, ECF No. 45, is GRANTED IN PART and DENIED IN PART, as set forth above. Dispositive motions are due on or before November 9, 2022.

IT IS SO ORDERED.

Dated: October 4, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York