UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER WEEKS,

                                Plaintiff,                            DECISION AND ORDER

v.                                                                Case # 20-CV-6721-FPG

SGT. DAVID FILIGHERA, et al.,

                                Defendants.
_____

## INTRODUCTION

On September 16, 2020, Plaintiff Christopher Weeks filed a complaint against Defendants David Filighera, Anna Domedion,[1] Shawn Gentner, Darrin Jones, Andrew Kielma, Scott Killingbeck, and Bradley Yelen, alleging that Defendants violated his Eighth Amendment rights while he was in the custody of the New York State Department of Corrections and Community Supervision. *See generally* ECF No. 1. Discovery closed on February 23, 2022, and the Court scheduled a jury trial for September 12, 2022. ECF Nos. 17, 34. The Court adjourned the September trial date following Plaintiff's arrest in New Jersey, eventually rescheduling the trial for June 26, 2023. *See* ECF Nos. 36, 50, 54. On June 23, 2023, the Court again adjourned the trial after a subsequent arrest. ECF No. 73.

After the Court adjourned the trial for the second time, Defendants filed the present motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 74. Plaintiff opposes the motion. ECF No. 78. For the reasons that follow, Defendants' motion is DENIED.

---

[1] The Court dismissed Plaintiff's claims against Domedion pursuant to a stipulation between the parties on November 7, 2022. ECF No. 53.

1

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on September 16, 2020. ECF No. 1. Discovery closed on February 23, 2022, and the Court scheduled a jury trial for September 12, 2022. ECF Nos. 17, 34, 35.

On August 12, 2022, Plaintiff's counsel informed the Court that Plaintiff was "currently in custody in pretrial holding at Atlantic County Detention Center in New Jersey." ECF No. 36. The Court subsequently adjourned the trial without date, ECF No. 50, and ultimately rescheduled the trial for June 26, 2023, ECF No. 54. As directed by the Court, Plaintiff's counsel filed a status report concerning Plaintiff's custody status and sentencing in his criminal matter on March 28, 2023. ECF No. 57. The status report indicated that Plaintiff had been sentenced to a term of probation and that his probation officer would permit him to travel to Rochester for the trial. *Id.* The report notes that Plaintiff had assured counsel "that he will remain in contact with [counsel] between [March] and June and that [Plaintiff] will be available on the days scheduled for trial." *Id.* The parties filed pretrial submissions in May 2023, and the Court held a final pretrial conference on May 24, 2023. *See* ECF Nos. 58-62, 67.

Two weeks before the rescheduled trial was set to begin, on June 12, 2023, Plaintiff's counsel filed a letter informing the Court that Plaintiff had again been arrested in New Jersey and was being held at the Atlantic County Detention Center. ECF No. 68. Four days later, Plaintiff's counsel filed another letter informing the Court that Plaintiff was scheduled to appear in criminal court in New Jersey on June 23, 2023 and that there was a possibility that Plaintiff might be released after that appearance. ECF No. 70. In response to this letter, the Court directed Plaintiff's counsel to, no later than 9:00 am on June 22, 2023, "confirm whether Plaintiff will be released

2

from custody after his appearance on Friday, June 23, 2023, available for trial, and present in Rochester, New York for jury selection at 8:30 am on Monday, June 26, 2023." ECF No. 71. The Court stated that it would again adjourn the trial if counsel could not confirm Plaintiff's availability. *Id.*

The next day, Plaintiff's counsel provided another update to the Court, stating that he could not confirm that Plaintiff would be released after the June 23 appearance. ECF No. 72. Then, on Friday June 23, Plaintiff's counsel informed the Court by telephone that Plaintiff remained in custody, and the Court again adjourned the jury trial without date. *See* ECF No. 73.

On July 18, 2023, Defendants filed the present motion to dismiss. ECF No. 74. The Court set a briefing schedule, ECF No. 75, and Plaintiff filed his response on August 17, 2023, ECF No. 78. Defendants did not file a reply.

## LEGAL STANDARD

A defendant may move to dismiss an action or any claim against it if the plaintiff fails to prosecute his case. Fed. R. Civ. P 41(b). A failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982); *see Jones v. City of Rochester*, No. 20-CV-545-FPG, 2022 WL 1668508, at *2 (W.D.N.Y. May 25, 2022).

The power of a district court to dismiss for failure to prosecute "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). However, because dismissal for lack of prosecution is a "harsh

3

remedy that should only be used in extreme situations," *id.*, the Second Circuit has set out five factors that "limit a trial court's discretion" in determining whether dismissal for failure to prosecute is appropriate, *id.* (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). When analyzing a motion to dismiss for failure to prosecute, the Court must consider the five "*Drake* factors"—that is, whether:

> (1) the plaintiff's failure to prosecute has caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254; *see also Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014). No single factor is dispositive, and the court must review the record as a whole. *Lewis*, 564 F.3d at 576.

## DISCUSSION

### I. Whether the *Drake* Factors Apply to Defendants' Motion

As a preliminary matter, the Court acknowledges that, as Plaintiff notes, the Second Circuit has stated that the *Drake* factors may not be "particularly helpful" in certain situations. *Lewis*, 564 F.3d at 576-77. In *Lewis*, the Second Circuit noted that the cases applying the *Drake* factors have "almost exclusively concerned instances of litigation misconduct such as the failure to comply with a scheduling order or timely respond to pending motions." *Id.* at 576; *see e.g.*, *Drake*, 375 F.3d at 250 (missing deadline to file amended complaint); *Nita v. Conn. Dep't of Envtl. Prot.*, 15 F.3d 482, 485 (2d Cir. 1994) (failing to respond to pending motions); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (failing to comply with two court orders and otherwise demonstrating a "lack of respect for the court," culminating in failure to appear at start of trial).

4

While, unlike the plaintiffs in *Nita* and *Peart*, Plaintiff has complied with court orders and has actively litigated this matter, the Court concludes that Defendants' motion and the circumstances of this case are readily susceptible to an analysis of whether (1) Plaintiff's failure to prosecute has caused a delay of significant duration; (2) Plaintiff was given notice that further delay would result in dismissal; (3) Defendants are likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was balanced against Plaintiff's right to an opportunity for a day in court; and (5) the Court has adequately assessed the efficacy of lesser sanctions. *Drake*, 375 F.3d at 254; *see Stephanski v. Allen*, No. 18-CV-76, 2023 WL 356164, at *4 (N.D.N.Y. Jan. 23, 2023) (applying *Drake* factors where plaintiff could not appear because he was in custody at a local jail); *Stephanski v. Allen*, No. 18-CV-76, 2022 WL 1102427, at *2 (N.D.N.Y. Apr. 13, 2022) (applying *Drake* factors where plaintiff failed to appear for trial because of transportation issues).

## II. The *Drake* Factors

Defendants contend that a straightforward application of the *Drake* factors favors dismissal. *See* ECF No. 74-2 at 5-10. Plaintiff responds by arguing that, because he has not failed to prosecute this matter, the Court should deny Defendants' motion without considering the *Drake* factors. *See* ECF No. 78 at 8-12. He further argues that, should the Court consider the *Drake* factors, all five factors weigh against dismissal. *Id.* at 12-22. As explained below, Defendants' motion to dismiss for failure to prosecute is denied because the notice, congestion, and lesser sanctions factors weigh against dismissal.

### a. Delay

There is no doubt that Plaintiff's inability to appear at trial has caused delay. However, the parties disagree as to the extent of the delay. Defendants contend that Plaintiff's failures to appear

5

have resulted in a delay of at least one year, as the trial was in initially scheduled to begin on September 12, 2022. ECF No. 74-2 at 6. Plaintiff contends that, to the extent there has been delay, it has been "moderate, intermittent, and not in violation of any order," and, accordingly, this factor weighs against dismissal. ECF No. 78 at 12-15. Defendants further argue that this factor weighs in favor of dismissal because adjournments on the eve of trial are particularly burdensome. *Id.* The Court agrees with Defendants that this factor weighs in favor of dismissal.

In analyzing the delay factor, courts consider two questions: (1) whether the failures were those of plaintiff and (2) whether the failures were of significant duration. *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998). "There is no fixed period of time that must elapse before a failure to prosecute becomes substantial enough to warrant dismissal." *Davis v. State Univ. of N.Y. Coll. at Buffalo*, No. 15-CV-600-FPG, 2018 WL 4620407, at *4 (W.D.N.Y. Sept. 26, 2018) (quoting *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013)). Delays of "several months" have been found to warrant dismissal. *See Caussade*, 293 F.R.D. at 629-30 (collecting cases). "Factors such as the violation of court orders, failure to respond to motions, and failure to appear at scheduled conferences may be considered in determining what length of time is appropriate." *Cain v. Simon & Schuster*, No. 11-CV-4460, 2013 WL 1608620, at *3 (S.D.N.Y. Apr. 15, 2013).

Whether measured from the first trial date or the second, this factor weighs in favor of dismissal, as Plaintiff's second arrest has caused a delay of at least "several months." *Caussade*, 293 F.R.D. at 629-30. The Court acknowledges that Plaintiff has complied with the Court's orders directing him to provide reports regarding his custody and sentencing, *see e.g.*, ECF Nos. 57 (March 28, 2023 status report regarding Plaintiff's custody and sentencing), 70 (June 16, 2023 status report regarding Plaintiff's custody status). Moreover, Plaintiff also filed pretrial

6

submissions, including motions *in limine* in advance of the May 24, 2023 pretrial conference. *See* ECF Nos. 59-62, 65. Nevertheless, Plaintiff's conduct has resulted in two arrests, both of which have delayed trial by several months. Accordingly, even if the Court took only the second adjournment into account, Plaintiff is responsible for the delay, and that delay has lasted at least several months. *See Spencer*, 139 F.3d at 113. Accordingly, the delay factor weighs in favor of dismissal. *See Caussade*, 293 F.R.D. at 629-30.

Although Plaintiff has actively litigated this matter during the pretrial stage, his conduct has significantly delayed the start of trial. Accordingly, the first factor weighs in favor of dismissal.

### b. Notice

With respect to the notice factor, Defendants contend that the Court's pretrial order, which states that "[the trial date] will not be adjourned," ECF No. 55 at 1, is enough, *see* ECF No. 74-2 at 7. Plaintiff argues that dismissal under Rule 41(b) requires more formal notice. ECF No. 78 at 15-18. As explained below, the Court agrees with Plaintiff that this factor weighs against dismissal.

The Second Circuit "insist[s] that dismissal 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). In *Bonano v. Sheahan*, this Court concluded that the notice factor weighed against dismissal where, although the Court's scheduling order on the Rule 41(b) motion to dismiss "indicated that Plaintiff's case could be dismissed if he did not respond," Plaintiff had not received formal notice, "such as an order to show cause, warning him

7

that delay in this case could result in dismissal." No. 18-CV-6405-FPG, 2019 U.S. Dist. LEXIS 155056, at *3 (W.D.N.Y. Sept. 11, 2019). Moreover, the Second Circuit has found even an order to show cause insufficient where it stated only that the case "may be dismissed by order of the court" if plaintiff did not respond by a certain date because it did not warn plaintiff that the case "*would* be dismissed if there was further delay." *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d Cir. 2014) (quoting *Drake*, 375 F.3d at 256) (emphasis added).

This factor weighs in favor of denying Defendants' motion because Plaintiff has not received adequate notice that further delay would result in dismissal. *Drake*, 375 F.3d at 256. The pretrial order merely states that the trial date would not be adjourned, not that a request for adjournment or any other delay would result in dismissal, and therefore does not constitute sufficient notice of dismissal. See *Lewis*, 595 F. App'x at 37; *Bonano*, 2019 U.S. Dist. LEXIS 155056, at *3. Nor do the text orders directing Plaintiff to file status reports concerning his criminal matters. *See e.g.*, ECF Nos. 56 (directing Plaintiff to file status report with no mention of dismissal), 69 (same), 71 (indicating that if Plaintiff's counsel could not confirm Plaintiff's availability, the Court would adjourn the trial). Finally, the order adjourning the trial for the second time indicates that the Court would schedule a status conference to "set a new date for trial," and did not warn Plaintiff of the possibility of dismissal. ECF No. 73.

Because Plaintiff has not received notice that further delay would result in dismissal of his case, the second factor weighs against dismissal.

  **c. Prejudice**

Defendants argue that they have been prejudiced in two ways. ECF No. 74-2 at 7-9. First, they argue that their ability to recall the relevant events has diminished because of the delay. *Id.*

8

at 8. Second, they assert that their lives and those of their colleagues have been significantly disrupted. *See id.* at 8-9 (describing canceled events and efforts to arrange child and elder care); ECF No. 74-1 ¶ 12 (noting that one defendant was required to miss a specific training program that is held "only once every few years"). Plaintiff contends that, to the extent there has been prejudice, it is not extensive, as both parties have been "steadily marching through pretrial stages" despite the adjournments. ECF No. 78 at 18. He further argues that general concerns about defending against a claim at trial are not enough to demonstrate prejudice. *Id.* at 19. The Court agrees with Defendants that the prejudice factor weighs in favor of dismissal.

"Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. But, where "delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.* Courts have presumed prejudice for example, where the plaintiff failed to amend his complaint for nearly two years and failed to respond to the court's notice that the case would be dismissed if there were further delays, *see Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999), and where the plaintiff repeatedly failed to file documents in response to court orders even after being warned that his failures could result in dismissal, *see Lyell*, 682 F.2d at 39-40, 43.

Courts have also found that this factor weighs in favor of dismissal where a defendant was prejudiced by the "undue inconvenience, cost and burden of [repeatedly] preparing" for trial "over and above the sheer cost of litigation." *Doe v. Winchester Bd. of Educ.*, No. 10-CV-1179, 2017 WL 214176, at *9-10 (D. Conn. Jan. 8, 2017); *see also Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (district court reasonably concluded that further delay would be prejudicial to defendants where action had been pending for three years

9

and concerned events more than five years in the past). *But see Scott v. Perkins*, 150 F. App'x 30, 33 (2d Cir. 2005) (summary order) (concluding that, where trial was delayed for about one month, defendants' trial preparation would not have been wasted as the trial would have commenced within a reasonable amount of time). It is not enough to argue merely that "delay has increased like likelihood that evidence in support of . . . [their] defenses may be unavailable," without identifying specific pieces of evidence or which of their defenses might be compromised. *Baptiste*, 768 F.3d at 218.

This factor weighs in favor of dismissal because Defendants have been prejudiced by the cost and burden of repeatedly preparing for trial and have identified specific ways in which their ability to defend the action has been compromised. *See Heendeniya*, 830 F. App'x at 388; *Doe*, 2017 WL 214176, at *9-10; *cf. Scott*, 150 F. App'x at 33. As Defendants correctly note, because Plaintiff's only witnesses are current and former Defendants in this action, credibility will be central to Plaintiff's case. But as time passes, the chances of one or more Defendants not remembering, or misremembering, details of the three-minute incident that occurred in 2019 increase. *See Heendeniya*, 830 F. App'x at 358; *cf. Baptiste*, 768 F.3d at 218. Defendants have therefore identified specific ways in which their defense might be compromised by the delay. *Cf. Baptiste*, 768 F.3d at 218. Finally, unlike *Scott*, in which the Second Circuit held that the defendants' preparation "would not have been wasted" given the relatively short delay of about one month, 150 F. App'x at 33, Plaintiff's conduct has caused a delay of at least several months. Because of this extended delay, and because the case turns on witness credibility regarding an event that occurred several years ago, Defendants have sufficiently demonstrated that they will be prejudiced by further delay.

Because Defendants have demonstrated that they will be prejudiced by further delay, the third factor weighs in favor of dismissal.

### d. Congestion

Defendants argue that the congestion factor weighs in favor of dismissal because Plaintiff's conduct has caused the Court to miss out on key trial dates. ECF No. 74-2 at 9. Plaintiff asserts that Defendants have not identified the kind of extreme effect on court congestion that would warrant dismissal. ECF No. 78 at 21. The Court agrees with Plaintiff and concludes that this factor weighs against dismissal.

The congestion factor addresses the balance between a court's interest in functioning efficiently and a plaintiff's interest in an opportunity to be heard. *Lucas v. Miles*, 84 F.3d 532, 535-36 (2d Cir. 1996). "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Id.*; *see also Davis*, 2018 WL 4620407, at *5. However, the Court may also consider "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources." *Rubin v. Abbott Lab'ys*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)).

While Plaintiff's conduct has, as Defendants note, twice caused the Court to lose out on trial calendar dates, that, without more, does not amount to an "extreme effect on court congestion," *Lucas*, 84 F. 3d at 535, and this factor therefore weighs against dismissal. There is no indication that, for example, other litigants have been denied sought-after trial or appearance dates, or that Plaintiff's conduct has delayed the consideration of other litigants' pending motions. "Furthermore, this is not a situation where denial would mean the Court were using its 'resources

to permit this case to languish on the docket in the hope that [Plaintiff] will appear in the future.'" *Davis*, 2018 WL 4620407, at *5 (quoting *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016)). Should the Court schedule a third trial date, Plaintiff's past compliance with the Court's orders suggests that he would again timely file pretrial submissions and any potential motions *in limine*. These filings, along with what is anticipated to be a relatively short trial, are unlikely to "strain [the Court's] docket in any unusual way." *Baptiste*, 768 F.3d at 218.

Accordingly, because Defendants have not presented any evidence of an extreme effect on court congestion, this factor weighs against dismissal.

     **e. Lesser Sanctions**

Defendants argue that lesser sanctions are not appropriate because it is "extremely unlikely" that Plaintiff, who has a lengthy history of incarceration, has the means to pay a financial penalty and no adverse inference or instruction could remedy the prejudice Defendants have experienced. ECF No. 74-2 at 10. Plaintiff, on the other hand, asserts that, at this time, the most appropriate sanction is "none at all." ECF No. 78 at 21. He also notes that, should the Court set a third trial date, lesser sanctions remain available. *Id.* at 21-22. Because sanctions short of dismissal may still be effective, the Court agrees with Plaintiff and concludes that this factor weighs against dismissal.

The lesser sanctions factor concerns "whether lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citation omitted). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). In assessing this factor, courts have

considered the plaintiff's past conduct throughout the litigation, finding that repeated failures to comply with court orders or otherwise participate in the litigation process weigh in favor of finding that lesser sanctions would be ineffective. *See e.g.*, *Lewis*, 314 F.R.D. at 81 (failure to respond to discovery demands even after award of sanctions in favor of defendant); *Karpio v. Bernzomatic Corp.*, No. 12-CV-699, 2015 WL 1808605, at *4 (W.D.N.Y. Apr. 21, 2015) (failure to appear in court, file responses as directed, and meet mediation and discovery obligations); *Ware v. City of Lackawanna*, No. 08-CV-720, 2013 WL 1221323, at *4 (W.D.N.Y. March 5, 2013) (failure to comply with court-ordered discovery or otherwise appear in the action), *report and recommendation adopted*, 2013 WL 1222053 (W.D.N.Y. March 25, 2013). *Compare Stephanski*, 2022 WL 1102427, at *2 (taxing juror costs against Plaintiff for failure to appear on trial date), *with Stephanski*, 2023 WL 356164, at *5 (dismissing action in part because plaintiff failed to comply with previously imposed sanction of taxing juror costs).

In light of Plaintiff's past conduct throughout the litigation and the prejudice that Defendants have identified, this factor weighs against dismissal. *See Drake*, 375 F.3d at 257; *Stephanski*, 2022 WL 1102427, at *2. Plaintiff's long history of incarceration may suggest that he does not have the means to pay a financial penalty. However, unlike other cases in which courts have concluded that dismissal was an appropriate sanction, Plaintiff has complied with the Court's orders throughout the pretrial stage and has generally been active in litigating the matter. *Cf. Lewis*, 314 F.R.D. at 81; *Karpio*, 2015 WL 1808605, at *4. Further, as Plaintiff notes, should the Court set a third trial date, it will retain the ability to impose lesser—but still meaningful—sanctions should Plaintiff again fail to appear. *See e.g.*, *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995) (proceeding with jury selection in plaintiff's absence); *Stephanski*, 2022 WL 1102427, at *2

(taxing juror costs). Further, because the Court has not yet imposed lesser sanctions, there is little basis to conclude that such sanctions would be ineffective. *Cf. Stephanski*, 2023 WL 356164, at *5 (failure to appear even after court taxed jury costs to plaintiff); *Lewis*, 314 F.R.D. at 81 (failure to respond to discovery demands even after award of sanctions in favor of defendant).

Because the Court is not convinced that lesser sanctions would be ineffective, the fifth factor weighs against dismissal.

### f. Conclusion

Although Plaintiff's arrests have undoubtedly caused significant delay, "this is not a case where the plaintiff failed to provide any explanation whatsoever for his failure to appear at a duly scheduled trial proceeding or where the plaintiff simply refuses to proceed at trial." *Stephanski*, 2022 WL 1102427, at * 4. Nevertheless, this is a "close call," *Davis*, 2018 WL 4620407, at *6, as three of the factors weigh against dismissal while two weigh in favor. However, because the notice, congestion, and lesser sanction factors weigh against dismissal, the Court denies Defendants' motion to dismiss.

Although the Court concludes that Plaintiff's conduct does not merit dismissal at this time, future failures will change the Court's analysis. **Plaintiff is therefore notified that, should he again fail to appear after the Court has set a third trial date, the Court will consider dismissal of this action as well as the imposition of sanctions.**

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 74, is DENIED.

IT IS SO ORDERED.

Dated: September 21, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York