UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CHAD STANBRO,

                         Plaintiff,

                  -against-

WESTCHESTER COUNTY HEALTH
CARE CORPORATION, WESTCHESTER
MEDICAL CENTER, FRANK WEBER and
JOHN FULL,

                        Defendants.

-------------------------------------------------------------X

CHAD STANBRO,

                         Plaintiff,

                  -against-

CORRECTION OFFICER NADYA PALOU,
CORRECTION OFFICER RAYMOND DEAL,
CORRECTION OFFICER KRISTOFER LEONARDO,
CORRECTION OFFICER RICHARD LANDRY,
CORRECTION NURSE GARY PAGLIARO and
CORRECTION SERGEANT ENRIQUE TORRES,

                        Defendants.

-------------------------------------------------------------X

7:19-cv-10857 (KMK-JCM)

**DECLARATION OF**
**P. JENNY MARASHI**

7:20-cv-01591 (KMK-JCM)

      P. JENNY MARASHI declares the following to be true under penalty of perjury, pursuant to 28 USC § 1746:

      I submit this Declaration in connection with the application by the law firm of Sivin & Miller, LLP for an award of attorney's fees in the above matters.

      I am an attorney duly admitted to the Bar of the State of New York, and am also admitted to the US District Courts for the Southern, Eastern, Northern, and Western Districts of

New York, I am also admitted to practice before the Second Circuit Court of Appeals. I also am the founder of Marashi Legal, a law firm which for the past eighteen years has focused exclusively on civil rights litigation, primarily involving allegations of misconduct by police officers and correction officers. In that capacity, I have litigated numerous civil rights cases in state and federal court on behalf of incarcerated individuals and on behalf of other individuals who have been falsely arrested and/or subjected to uses of excessive force.  I earned my B.A. in philosophy and international relations from Ohio State University and my J.D. from the Cardozo School of Law in 2002. I have over 20 years of comprehensive human rights experience, specializing in civil and economic rights. In that time, I have been recognized as a "40 Entrepreneurs Under the Age of 40", have presented internationally on the role of legal advocacy in these areas, and have instructed and created syllabus on effective legal research and persuasion at Columbia University. I have successfully obtained over millions of dollars in civil rights litigation for my clients, each case is informed by my background in conflict resolution and justice reform. In <u>Meister et. al. v. City of Hawthorne</u>, filed in in the central district of California, I secured a new policy for the City of Hawthorne Police Department and sister cities to adopt in interactions with Deaf consumers. Similarly in <u>Moses Flores v. City of New York</u>, I worked extensively with the City of New York and NYPD legal to address NYPD's interaction with people undergoing a mental health crisis. In fact, I am still working on such, in the class action, <u>Baerga v. City of New York</u>.

I also am a member of the National Police Accountability Project (NPAP), which is a national organization of lawyers whose practices also focus on cases involving police and correction officer misconduct. Over the past five years, I have gotten to know Edward Sivin

primarily through our mutual membership in NPAP.  Mr. Sivin has a reputation within NPAP, and within the broader community of lawyers who litigate civil rights cases, as one of the most capable and knowledgeable attorneys litigating civil rights cases.  In fact, it is my great privilege to be writing this declaration for him, as through the years, when I have been stuck on a procedural or a substantive legal question- especially in the niche area of prison litigation- it is either Mr. Sivin who I have looked to for advice- or Mr. John Boston (who literally wrote the book on prison litigation). For myself and my colleagues at NPAP- it is common knowledge that few lawyers have the experience, understanding, and knowledge in jail and prison cases- and how to take them to trial- the different venues- particular challenges of prison cases- the many nuanced directives and policies regarding facilities, and the minefield of prison case law.

Frankly, Mr. Sivin may, in fact, be one of the most skilled and experienced attorneys currently practicing civil rights in almost every single venue in NY state.

I am advised that Mr. Sivin is seeking an hourly rate of $700 in connection with time spent in the litigation of this lawsuit.  I understand that this hourly rate is at the upper end of awards for civil rights lawyers in the Southern District of New York with comparable years of experience.  *See Restivo v. Nassau Cty.*, No. 06-CV-6720(JS)(SIL), 2015 U.S. Dist. LEXIS 160336, at *8 (E.D.N.Y. Nov. 30, 2015) (awarding a $700 hourly rate to lawyers with "forty years of experience litigating civil rights cases" in the Southern District of New York).  Based on my experience practicing law in New York for nearly eighteen years, I am fully aware of the prevailing hourly rates charged by New York law firms, especially those firms, like Mr. Sivin's, that handle complex litigation matters such as civil rights litigation. Indeed, since federal fee shifting statutes apply to civil rights law cases, it is incumbent upon me to be knowledgeable

about prevailing rates.  Based upon my knowledge of prevailing rates for attorneys of Mr. Sivin's high caliber and outstanding reputation in the New York area, I fully support Mr. Sivin's application for fees in all respects.  In light of Mr. Sivin's reputation, experience, and expertise in cases involving allegations of civil rights violations, I believe that an hourly rate of $700 for Mr. Sivin is appropriate.

The breadth and depth of his experience is remarkable.  I am humbled that he has always made time to be accessible me and my colleagues and I am grateful for this opportunity to share such with this Court.


Dated:  March 7, 2023

P. JENNY MARASHI