UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER WEEKS,

                        Plaintiff,

                                                Case # 20-CV-6721-FPG

v.

                                                DECISION AND ORDER

SGT. DAVID FILIGHERA, *et al.*,

                         Defendants.

## INTRODUCTION

Plaintiff Christopher Weeks, a former inmate at Collins Correctional Facility, commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging excessive force and failure to intervene against Sergeant David Filighera and Corrections Officers Darrin Jones, Bradley Yelen, Shawn Gentner, Scott Killingbeck, and Andrew Kielma. ECF No. 1. On April 25, 2025, after a five-day trial, the jury returned a verdict, finding that Killingbeck had used excessive force against Plaintiff. ECF No. 123. For this claim, the jury awarded $50,000 in compensatory damages and one dollar in punitive damages. *Id.* As for Plaintiff's other claims, the jury found that the Defendants were not liable. *Id.* Judgment was entered on April 29, 2025. ECF No. 126. On August 14, 2025, the Court denied Defendant Scott Killingbeck's motion for a remittitur or new trial. ECF No. 130. Plaintiff now moves for attorney's fees pursuant to 42 U.S.C. § 1988(b). ECF No. 131. Defendant Scott Killingbeck opposes the motion in part. ECF No. 135. For the reasons that follow, Plaintiff's motion (ECF No. 131) is GRANTED IN PART.

## LEGAL STANDARD

42 U.S.C. § 1988(b) provides that a "prevailing party" may recover reasonable attorney's fees for a successful action under Section 1983. "A reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. In the

Second Circuit, attorney's fees awards are calculated based on the 'presumptively reasonable fee' approach." *Ekukpe v. Santiago*, No. 16-CV-5412, 2020 WL 7027613, at *1 (S.D.N.Y. Nov. 30, 2020) (internal citation and brackets omitted). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also id.* at 167 (noting that adjustments to the lodestar are only appropriate in "rare circumstances" where it does "not adequately take into account a factor that may properly be considered in determining a reasonable fee"). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Ekukpe*, 2020 WL 7027613, at *1.

## DISSCUSSION

Plaintiff seeks $231,651 in attorney's fees as well as $7,411 in litigation costs. ECF No. 136-3 at 16. Defendant does not dispute that Plaintiff is entitled to attorney's fees and costs and does not formally contest the amount of costs requested by Plaintiff. ECF No. 135-1. However, he seeks a reduction in the amount of attorney's fees, arguing that Plaintiff's requested rate and hours are unreasonable. *Id.* at 11. The Court discusses the reasonableness of the rate and hours below.

## I.    Reasonable Rate

In this case, Plaintiff has requested a rate of (1) $525 per hour for partners, (2) $475 per hour for associate Clyde Rastetter; (3) $175 per hour for paralegal Jake Ethé; and (4) $100 per hour for paralegals Alexis Henry and Jason Miller. ECF No. 131-16 at 22–23. "The determination of reasonable hourly rates is a factual issue committed to the court's discretion, and is typically defined as the market rate a reasonable, paying client would be willing to pay." *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10-CV-1853, 2011 WL 1002439, at *6 (S.D.N.Y. Mar. 16, 2011) (quotation and internal quotation marks omitted). "The party seeking fees bears the burden of

demonstrating that its counsel's rates are reasonable" by "produc[ing] evidence, in addition to the attorneys' own affidavits, that the rates are consistent with prevailing rates in the District for lawyers of comparable skill, experience and reputation." *Torres v. City of N.Y.*, No. 18-CV-3644, 2020 WL 6561599, at *4 (S.D.N.Y. June 3, 2020), *report and recommendation adopted*, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020). "[D]etermination of a reasonable hourly rate contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (quotation and internal quotation marks omitted).

### a. Partner Rate

Plaintiff argues that the requested rate of $525 per hour for partners is consistent with decisions in the Western District, which have found rates between $400 and $600 per hour reasonable for experienced civil rights attorneys. ECF No. 131-16 at 12. Defendant responds that the current prevailing rate in the Western District is between $350 to $500, and requests that partners be awarded $400 per hour in this case.[1] ECF No. 135-1 at 3. The Court agrees with Defendant that the general rate for experienced trial attorneys in the Western District is between $350 and $500. For instance, these same attorneys were awarded a rate of $400 dollars per hour for another case in this district in January 2025. *Hundley v. Frunzi*, No. 20-CV-6150, 2025 WL 36101 (W.D.N.Y. Jan. 6, 2025). Nevertheless, the Court is mindful of Plaintiff's arguments related to the undesirability of the case and the results achieved for Plaintiff. *See* ECF No. 131-16 at 17–

---

[1] To the extent Defendant argues that this litigation has taken place over the course of many years and therefore, it would be unfair to award fees based on the current hourly rate, the Court rejects that argument. ECF No. 135-1 at 4. *See Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (holding that the rates to be used in calculating the lodestar for fees pursuant to § 1988 should be the "current rather than historic hourly rates." (quotation omitted)).

23; *Johnson v. Georgia Highway Express*, *Inc.*, 488 F.2d 714 (5th Cir. 1974).[2]  Therefore, based upon this Court's familiarity with the prevailing hourly rates in this district and rates awarded in prior cases within this district, the Court finds that a reasonable rate for the partners in this case is $475 per hour. *See Capax Discovery, Inc. v. AEP RSD Investors, LLC*, No. 17-CV-500, 2023 WL 140528, at *6 (W.D.N.Y. Jan. 10, 2023) ("In the Western District, $400-$500 per hour is generally deemed a reasonable hourly rate for experienced trial counsel."); *New York v. Grand River Enters. Six Nations, Ltd.*, No. 14-CV-910, 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021) (awarding $500 per hour as a reasonable hourly rate for an attorney with more than twenty years of experience); *DIRECTV, LLC v. Wright,* No. 15-CV-00474, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020) (awarding $385–$490 per hour as reasonable rates for attorneys with fifteen to thirty-two years of experience).

### b.  Associate Attorney Rate

As for associate attorney Clyde Rastetter, Plaintiff argues that he should be awarded a rate of $475 per hour. ECF No. 131-16 at 12. Plaintiff argues that this is the appropriate rate for Mr. Rastetter because he was recently awarded that rate in another case in this district. *Id.* Defendant responds that Mr. Rastetter was only awarded that rate because the opposing party in that case did not object to the rate. ECF No. 135-1 at 5; *see Howard v. City of Rochester*, 780 F. Supp. 3d 423, 433 (W.D.NY. 2025) (awarding Mr. Rastetter an uncontested rate of $475 per hour but noting that it was a generous rate). Defendant argues that the appropriate rate for Mr. Rastetter is $200 per hour. ECF No. 135-1 at 5. Based upon this Court's familiarity with the prevailing hourly rates in this district and rates awarded in prior cases within this district, the Court finds that a reasonable

---

[2] While Defendant argues that this case was desirable for a number of reasons and that the results obtained were modest, the Court nevertheless agrees with Plaintiff that this case is "undesirable" from the standpoint of a lawyer considering whether to represent a client and that the attorneys secured a favorable result for Plaintiff.

rate for Mr. Rastetter is $250 per hour. *See Ryan v. Town of Tonawanda*, No. 23-CV-351, 2025 WL 997362, at *2 (W.D.N.Y. Apr. 1, 2025) (awarding $200 per hour as a reasonable rate for an associate attorney); *Small v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 12-CV-1236, 2019 WL 1593923, at *17 (W.D.N.Y. Apr. 15, 2019) (awarding $250 per hour as a reasonable rate for associate attorneys).

### c. Paralegal Rate

Plaintiff requests $175 per hour for work performed by paralegal Jake Ethé, and $100 per hour for work performed by paralegals Alexis Henry and Jason Miller. ECF No. 131-16 at 15. Plaintiff argues that Mr. Ethé should be paid at a higher rate due to his ability to produce work-product on par with junior attorneys. *Id.* at 16. Defendant argues that all paralegals should be paid at a rate of $100 per hour. ECF No. 135-1 at 5. Based upon this Court's familiarity with the prevailing hourly rates in this district and rates awarded in prior cases within this district, the Court finds that a reasonable rate for Mr. Ethé's work is $140 per hour and a reasonable rate for Ms. Henry's and Mr. Miller's work is $100. *See Hundley*, 2025 WL 36101, at * 5 (awarding $140 per hour as a reasonable rate for Mr. Ethé's work); *Small*, 2019 WL 1593923, at *17 (awarding $100 per hour as a reasonable rate for paralegals in this district).

## II.    Reasonable Hours

Defendant argues that (1) the hours Mr. Miller billed for his time while deposing Defendants should be excluded because Mr. Miller did not speak during the depositions,[3] and (2) any time spent opposing Defendants' motions to dismiss for failure to prosecute must be excluded

---

[3] Defendant also argues that Mr. Miller's time sheet incorrectly identifies these depositions as occurring in 2025 instead of 2021, which he argues strongly indicates that the time sheets were not contemporaneous. ECF No. 135-1 at 10. Plaintiff maintains that this discrepancy was a transcription error that was likely the result of Microsoft Excel's "auto-formatting" feature. ECF No. 136-3 at 13. As Plaintiff's counsel is an Officer of this Court, based on his affirmation that this discrepancy is merely a transcription error, the Court will not reduce his hours based on Defendant's argument that the time sheet appears to not be contemporaneous.

because those motions were necessitated by Plaintiff's conduct, which delayed trial. ECF No. 135-1 at 10. Plaintiff responds that Mr. Miller was present at the deposition to assist Mr. Rastetter and that it is reasonable to compensate Mr. Miller for his time. ECF No. 136-3 at 12–13. Plaintiff also argues that he is entitled to fees for defending the motions to dismiss. *Id.* at 11.

The Court agrees with Plaintiff that it was reasonable to have two attorneys present at the deposition and that he is entitled to fees for defending the motions to dismiss. However, the Court agrees with Defendant that the number of hours should be reduced. In determining the number of hours reasonably expended on a case, a district court properly excludes documented hours that are "excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (quotation omitted). In this case, trial was delayed three times due to Plaintiff's arrests, which prevented him from being present at trial. While Plaintiff's counsel is not at fault for the trial delays, the delays nevertheless led to redundant billing entries. For instance, each time the trial was delayed, Mr. Roche reviewed and edited pretrial submissions. *See* ECF No. 131-10. Further, in preparation for trial in 2022, Mr. Roche reviewed numerous transcripts in preparation for the trial scheduled that year, but then, in 2025, billed hours for reviewing the same transcripts in preparation for trial, which was finally held in 2025. *Id.* When addressing redundant entries, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Raja*, 43 F.4th at 87. In this case, the Court concludes that a 10% across-the-board reduction of hours is appropriate to account for redundant billing entries resulting from repeated trial delays.

## III.    Lodestar

The Court now calculates the lodestar. Before applying the reduction, the Court calculates an initial amount for each staff member based on the reasonable hourly rate and requested hours:

| Staff Name | Reasonable Hourly Rate | Requested Hours | Total |
|---|---|---|---|
| Edward Sivin | $475 | 74.2 | $35,245 |
| Glenn Miller | $475 | 31.1 | $14,772.50 |
| David Roche | $475 | 191.4 | $90,915 |
| | $237.5 (Travel)[4] | 16.5 | $3,918.75 |
| Clyde Rastetter | $250 | 113.22 | $28,305 |
| Jake Ethé | $140 | 70.93 | $9,930.20 |
| Alexis Henry | $100 | 36.8 | $3,680 |
| | $50 (Travel) | 14 | $700 |
| Jason Miller | $100 | 9.8 | $980 |
| | | **Total:** | $188,446.45 |

Next, to account for the redundancies in billing entries, the Court applies a 10% reduction, which yields a total lodestar amount of $169,601.81. Added to this amount are $7,411 in costs, which Defendant does not formally contest. *See* ECF No. 135-1. The Court concludes that no other adjustment is necessary. *See Millea*, 658 F.3d at 167. Accordingly, Plaintiff is entitled to $177,012.81 in fees and costs.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees and costs (ECF No. 131) is GRANTED IN PART and DENIED IN PART, in that Plaintiff is granted an award of $177,012.81 in fees and costs. The Clerk of Court is directed to amend the judgment against Scott Killingbeck to reflect that award.

IT IS SO ORDERED.

Dated: January 7, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[4] In this Circuit, travel time is generally compensated at half the usual hourly rate. *Critchlow v. First Unum Life Ins. Co. of Am.*, 377 F. Supp. 2d 337, 343 n.1 (W.D.N.Y. 2005).